UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21608

YALIET PEREZ FLORES,

 Plaintiff,

vs.

ULTRA AVIATION SERVICES, INC.,

 Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Yaliet Perez Flores, sues Defendant, Ultra Aviation Services, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Yaliet Perez Flores**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Ultra Aviation Services, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal place of business in this

District, Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

7.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

### *Background Facts*

8.     Defendant, Ultra Aviation Services, Inc., Inc., was Plaintiff's direct employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). Defendant employed Plaintiff.

9.     Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

10.    In particular, Defendant owns and operates a company that provides services at Miami-International Airport that include cleaning of commercial passenger aircraft.

11.    Defendant has been at all times material engaged in interstate commerce in the course of its cleaning of commercial passenger aircraft and related services which, traditionally, cannot be performed without using goods, materials, supplies, plastic bags, cleaning supplies, vacuums, golf carts, and equipment that have all moved through interstate commerce. Besides cleaning aircraft, Defendant provides passenger assistance in the form of baggage handling, customer service, and other services at the Miami International Airport.

12.    Defendant also engages in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors/airlines.

2

13. Furthermore, Defendant obtains, solicits, exchanges and send funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

14. Defendant's annual gross revenues derived from this interstate commerce are in excess of $500,000.00 for the relevant time period.

15. Plaintiff worked for Defendant from about from May 2018 to November 18, 2018 as an aircraft cleaner.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

17. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and recurrently cleaning commercial passenger aircraft.

18. Defendant paid Plaintiff an hourly rate of $12.99 during her employment with Defendant.

19. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

20. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate(s) of pay for all hours that she worked over 40 hours in a given workweek.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period by failing to determine whether she worked more than 40 hours in a single workweek and instead only paying overtime wages if she worked more than 80 hours in a pay period, effectively averaging the hours that she worked during each pay period instead of determining her hours worked on a week by week basis.

22. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned by averaging Plaintiff's hours worked each pay period.

23. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

24. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Yaliet Perez Flores, demands the entry of a judgment in her favor and against Defendant, Ultra Aviation Services, Inc., after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

  c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

  d. That Plaintiff recover all interest allowed by law;

  e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 26, 2019.

        Respectfully Submitted,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        7300 North Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel: 305.230.4884
        *Counsel for Plaintiff*